KC:CK
F#2004R02326

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

**05-0042M**

UNITED STATES OF AMERICA

    - against -

KYLE RIVERA,
    also known as "White Chocolate"
    and "WC,"

                Defendant.

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(Title 21, United States
Code, Section 846)

- - - - - - - - - - - - - - - - - -X

        TOBY BYRD, being duly sworn, deposes and says, that he
is a Special Agent with the Drug Enforcement Administration
("DEA"), being appointed according to law and acting as such.

        Upon information and belief, on or about and between
July 2004 and October 2004, both dates being approximate and
inclusive, within the Eastern District of New York, the defendant
KYLE RIVERA, also known as "White Chocolate" and "WC," did
knowingly and intentionally conspire to distribute and to posses
with intent to distribute a substance containing cocaine base, a
Schedule II narcotic drug controlled substance, in violation of
Section 841(a)(1) of Title 21 of the United States Code.

        (Title 21, United States Code, Section 846)

        The source of my information and the grounds for my
belief are as follows:

2

1.    I have been a Special Agent with the DEA for approximately five years. In the course of my tenure with the DEA, I have been involved in numerous narcotics investigations and prosecutions. In the course of those and other investigations, I have conducted physical surveillance, supervised or participated in undercover transactions, executed search warrants, debriefed cooperating defendants and confidential informants, reviewed taped conversations and narcotics records, and secured other relevant information using other investigative techniques.

2.    I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: (a) my personal participation in this investigation, (b) reports made to me by other law enforcement authorities, c) information obtained from confidential sources of information, and (d) physical surveillance conducted by the DEA and reports of physical surveillance conducted by others.

3.    Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have hearsay knowledge. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of the above-specified defendant, I have not set forth each and every fact learned during the course of this investigation. Instead, I have

set forth only those facts which I believe are necessary to establish probable cause for the arrests.

4. On or about July 27, 2004, at approximately 10:30 p.m., an undercover police officer ("UC") spoke with the defendant KYLE RIVERA in the vicinity 41st Avenue and 12th Street, Queens, New York, located within the Queensbridge Houses.  UC told the defendant KYLE RIVERA that he was looking for "two dimes" or $20 worth of crack cocaine/cocaine base.  The defendant reached into the back of his jeans and handed UC a hard rock-like substance in exchange for $10 of pre-recorded buy money.  The defendant than gave UC his phone number.  The substance provided by the defendant on July 27, 2004, later tested positive for cocaine base.

5. On or about July 28, 2004, UC at approximately 12:45 p.m. went to the vicinity 41st Avenue and 12th Street where he saw the defendant KYLE RIVERA.  As soon as RIVERA saw UC, he approached UC and asked him in sum and substance, "How much do you want?"  UC replied that he wanted "four."  RIVERA then reached under his shirt and pulled out one clear plastic wrap from which he poured four rock hard substances of alleged crack cocaine.  UC then provided RIVERA with $80 of pre-recorded buy money.  Later testing revealed that the substance provided to UC on July 28, 2004, tested positive for the presence of cocaine base.

6.   On or about July 29, 2004, UC called the defendant
KYLE RIVERA at the phone number RIVERA had previously provided to
UC and in sum and substance told RIVERA that he wanted to
purchase additional crack cocaine.  RIVERA told UC to meet him at
the corner of 41st Avenue and 12th Street.  Once the UC arrived,
the defendant directed him inside of the entrance of 41-03 12th
Street.  UC gave RIVERA $80 of pre-recorded buy money and in
exchange RIVERA provided UC with four rocks of alleged crack
cocaine.

7.   On or about August 3, 2004, UC met the defendant
KYLE RIVERA on Vernon and 40th Avenue within the confines of the
Queensbridge Houses.  UC told RIVERA that he wanted "five."
RIVERA pulled out a plastic bag and counted five rocks of alleged
crack cocaine.  UC then gave RIVERA $100 of pre-recorded buy
money.  UC then told RIVERA that he needed "two eight balls of
crack."  RIVERA told UC to come back the next day and that he
would have the crack.  He then told UC to "be careful."  Later
testing revealed that the substance provided to UC on August 3,
2004 tested positive for the presence of cocaine base.

8.   On or about August 4, 2004, as arranged, UC met
the defendant KYLE RIVERA at the corner of Vernon and 40th
Avenue.  UC purchased ten rocks of alleged crack cocaine for $180
from RIVERA.

9.   On or about October 20, 2004, UC was walking in the
vicinity of 41st Avenue and 12th Street.  The defendant KYLE
RIVERA ran over to UC and asked UC where he/she had been and

5

stated that he had not seen the UC in a long time.  UC told

RIVERA in sum and substance that he wanted four rocks of crack

cocaine.  RIVERA gave UC four rocks of alleged crack cocaine in

exchange for $80 of pre-recorded buy money.

WHEREFORE, your deponent respectfully requests that the

defendant KYLE RIVERA, also known as "White Chocolate" and "WC,"

be dealt with according to law.

SPECIAL AGENT TOBY BYRD
DEA

Sworn to before me this
__th day of January, 2004

THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK